UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARMANI GOENS<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>HUEL, INC. AND 222 UGC<br><br><br><br>　　　　　　　　　　　　Defendants. | Civil Action No.　1:23-cv-06821 |

## COMPLAINT

Plaintiff Armani Goens (hereinafter "Plaintiff"), by and through counsel, hereby alleges the following:

### Nature of Case

1. Plaintiff is a social media influencer on the platform known as TikTok.

2. Plaintiff is retained for compensation by advertising agencies and businesses to promote their products or services.

3. Defendants wrongfully and unlawfully utilized Plaintiff's copyright-protected material through actions and/or omissions on the part of Defendants.

4. Due to the utilization of Plaintiff's copyright, Defendants have received profits and revenues from consumers throughout multiple states throughout the United States, including the state of New York.

5. Plaintiff has notified the Defendants of the wrongful utilization of Plaintiff's copyrighted material.

## Jurisdiction and Venue

6. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C § 101 *et seq*.

7. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions) and NY Civil Rights Law § 51 (state law claim for New York right of privacy statute).

8. The Court has personal jurisdiction over Defendant Huel Inc. ("hereinafter "Huel") as Huel maintains a branch of its business offices in Brooklyn, New York, and/or does systematic and continuous business in New York and throughout the rest of the United States, and may be served at it's Brooklyn office at 45 Main Street, Brooklyn NY 11201.

9. This Court has personal jurisdiction over Defendant 222 UGC (hereinafter "222 UGC") because 222 UGC does systemic and continuous business in New York and throughout the United States, and was hired by Huel to retain social media influencers that reside in the United States and may be served through 802 Fladgate House, SW11 8EU, London, UK.

10. Venue is proper under 28 U.S.C. § 1391(b)-(c) and/or U.S.C. § 1400(a).

## The Parties

11. Plaintiff is an individual with a residential address of 2 Blue Slip, Unit 5L, Brooklyn, NY 11222.

12. Plaintiff is engaged in the business of social media influencing and is retained by brands, companies, and agencies to create videos, that he personally appears, for the social media platform Tik Tok and Instagram ("Social Media") to advertise and engage the brand, company, and agency followers and/or consumers.

13. Upon information and belief, Defendant Huel is a U.K.-based company with offices and substantial contacts in Brooklyn, New York that is in the business of selling food and nutrition products

14. Upon information and belief, Defendant 222 UGC is a U.K.-based company with substantial contacts in New York that is in the business of retaining social media influencers Users generate content to promote company's brand, products, and services on Social Media.

**Factual Background**

15. In or around April 2023, Defendant 222 UGC contacted Plaintiff to create videos for various companies and brands to advertise and promote products and services to engage followers and consumers on social media apps like Instagram and TikTok.

16. Defendant 222 UGC is an advertising company that focuses solely on creator-generated content that engages followers and consumers on TikTok to drive and increase brand engagement, brand recognition, and revenue.

17. Plaintiff was contacted by Defendant 222 UGC to create creator-generated content for Defendant Huel to create videos of Plaintiff using Huel's products for Social Media.

18. When Defendant 222 UGC and Defendant 222 UGC requested that Plaintiff create videos for Defendant Huel that would be advertised by Huel on its TikTok and Instagram account in their initial conversations through email.

19. Plaintiff created a video intended for advertising Defenant Huel's products and/or business and exchanged the video with Defendant 222 UGC.

20. The videos created by Plaintiff, entitled "Armani Dex Makes Dinner" (Reg No. PA 2-420-204), feature Plaintiff's image, likeness, and voice while using Huel's products.

21. In exchange for the video, Plaintiff requested that he needed a contract that would ensure that the plaintiff would be justly compensated and that image and likeness would be properly protected.

22. Without securing a signed contract, compensating Plaintiff, and without Plaintiff's consent, Defendants Huel and 222 UGC used Plaintiff's video in an ad campaign over Social Media that garnered thousands of views at the time of this complaint.

23. On or around May 17, 2023, Plaintiff contracted Defendant 222 Huel and notified them that his video was being exploited without his consent, however, Defendant Huel continued to use Plaintiff's advertisement on Instagram and TikTok after this notice.

24. Therefore, based upon the above-mentioned actions, it is clear that the Defendants have stolen and infringed and continue to infringe upon Plaintiff's protected copyright, image, and likeness to their benefit.

## Claim for Relief

## Claim I – Direct Infringement of Copyright

25. Plaintiff incorporates herein by reference each and every averment constrained in paragraphs 1 through 24, inclusive.

26. The copyrighted work,  Armani Dex Makes Dinner" (Reg No. PA 2-420-204), directly infringed each time Defendants produce, advertise, and distribute the video on TikTok and Instagram social media platforms. By producing, advertising, and distributing the work, Defendants have, and continue to, materially contribute to the unlawful reproduction of Plaintiff's copyright.

27. Defendants have been provided actual and direct knowledge of the video and have directly infringed upon such copyright.

28. Defendants have engaged in repetitive infringement actions by gaining knowledge of such infringement on multiple occasions and then continuing to produce, advertise, and distribute the works that utilize elements contained in Plaintif's protected design. Upon information and belief, and based on recurring actions of Defendants, Defendants have refused to cease production of musical works utilizing protected elements, despite copyright notice.

29. Defendants have not acted reasonably or in good faith in response to Plaintiff's notices of infringement and repeat infringement.

30. Defendant's acts of infringement have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

31. As a direct and proximate result of Defendants' infringements of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) for each infringement.

32. Alternatively, Plaintiff is entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000.00 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

33. Plaintiff is further entitled to his attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

34. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief prohibiting further contributory infringements to Plaintiff's copyright.

### Claim II – Violation of the Right of Publicity - NY CLS Civ R § 51

35. Plaintiff incorporates herein by reference each and every averment constrained in paragraphs 1 through 34, inclusive.

36. Between April 2023 to present Defendant UGC released and used a video featuring Plaintiff to advertise Defendant Huel's food products.

37. Defendants used Plaintiff's image and likeness on the video on social media posts distributed to New York residents to advertise Defendant Huel's food products.

38. The advertisement was done without securing Plaintiff's written consent.

39. Therefore, Plaintiff demands judgment against Defendants in an amount to exceed $200,000.00 with interest, costs, and any all other relief to which this Court finds him entitled.

### PRAYER FOR RELIEF

**WHEREFORE**, because of the foregoing, Plaintiff Armani Goens hereby respectfully requests the following relief:

a. For entry of judgment against Defendants for all compensatory damages to which Plaintiff may be entitled, including Defendants' profits and for damages in an amount as may be proven at trial. Alternatively, at Plaintiff's election, for the maximum damages amount allowed by law for all individual copyright infringements involved in this action with respect to any one work, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c) and NY CLS Civ R § 51;

b. For a permanent injunction enjoining Defendants and their respective officers, agents, servants, employees, attorneys, successors, licensees, partners, and assigns, and all

persons acting in concert or participation with each or any of them, from (a) directly or indirectly infringing in any manner any of Plaintiff's respective copyrights or other exclusive rights under copyright regarding "Armani Dex Makes Dinner", and (b) causing, contributing to, enabling, facilitating or participating in the unconsented use of Plaintiff's image and likeness for commercial purposes.

c. For prejudgment and post-judgment interest according to law;

d. For Plaintiff's attorneys' fees, and full costs and disbursements in the action;

e. Plaintiff be allowed to amend its ad damnum; and

f. For such other and further relief as the Court may deem proper and just.

### Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands trial by Jury for all issues triable by right of jury.

Respectfully submitted this the 12th day of September, 2023.

                    Respectfully submitted,

/s/ _Justin Crayton_
BLACKPOINT LEGAL GROUP, PLLC
Justin B. Crayton, Esq.
2 Blue Slip, #30M
Brooklyn, NY 11222
blackpointlegal@gmail.com
Phone: 954-242-9295

*Attorneys for Plaintiff Armani Goens*

I acknowledge myself as surety for the costs of this cause not to exceed One Thousand Dollars ($1,000.00)

/s/ _Justin Crayton_
BLACKPOINT LEGAL GROUP, PLLC